IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>    ANDREW WILLIAM MULKERIN,<br>                       Debtor<br><br>KEITH WOLFE<br>LISA WOLFE<br>    Movants<br><br>v.<br><br>ANDREW WILLIAM MULKERIN<br>    Debtor | Chapter 13<br><br>Case No. 1-25-bk-01575-HWV |

### OBJECTION OF KEITH AND LISA WOLFE TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

AND NOW COMES, Keith and Lisa Wolfe, by and through the undersigned counsel and hereby object to confirmation of the Debtor's Chapter 13 Plan as follows:

1. <u>The Plan Devotes Insufficient Income to Creditors</u>. The Debtor lists current monthly income of $35,760 per month on Official Form 122C-1 (Means Test) and $34,640 on current income on his Schedule I as a "Strategic Consultant." Yet, the Plan proposes only to pay $8,000 per month to the Trustee and the Debtor has filed a certification of no pay advices. As such, the Plan fails to devote all required disposable income of the Debtor and his household into the Plan as required by 11 U.S.C. § 1325(b)(2).

2. <u>The Debtor Lacks Regular Monthly Income to be a Chapter 13 Debtor</u>. The Debtor collects SNAP benefits. SNAP is a public assistance program for individuals and families without economic means to purchase basic life necessities. Therefore, the Debtor is not actually earning $34,640.00 as he represents in Schedule I and this appears to be mere speculation for his future earning capacity. To the extent the income is attributable to his business engagement as a

consultant for his wife in her bankruptcy case, such income is illusory because the Debtor has not been appointed as a professional of the bankruptcy estate for Irene Mulkerin. As such, under §1325(a)(6), the Plan is not feasible and is speculative and should not be confirmed. The Debtor is not eligible for Chapter 13 unless there is regular monthly income. The Debtor's spouse's income is insufficient to fund the Debtor's Chapter 13 plan.

3. <u>Litigation Claims Are Speculative and Not Property of the Estate</u>. The Plan also proposes to be funded by commencing adversary proceedings against several parties, including the Wolfes. Such claims are speculative and the Debtor has not provided information on the merits of the claim, the likelihood of success or distribution of any non-exempt portion of the claims to general unsecured claims. At least insofar as concerns the Wolfes' claim, such claim cannot be brought by the Debtor because the Debtor lacks standing to bring such claim on behalf of his no defunct business entities that allegedly have such claims. These non-debtor entities are not property of the estate and therefore cannot serve as a basis for funding the Debtor's personal bankruptcy plan.

4. <u>Failure to Follow Local Rules</u>. The Debtor has failed to use Local Bankruptcy Form 3015-1 for his Chapter 13 Plan. Despite having the last 8 months to consult with counsel and to preventing and repeating the identical problems that lead to the dismissal of his last case, it is readily apparent that the Plan was hastily drafted by AI. The Debtor's plan contains non-standard provisions that conflict with the model plan.

5. <u>The Plan Fails To Meet the Liquidation Test.</u> Debtor's plan violates 11 U.S.C. §1325(a)(4). The Plan must provide for payment to creditors in an amount equal to the liquidation value of the estate. The Debtor has significant non-exempt equity in the real estate serving as his residence. The real estate's value according to Schedule A is $1.4 Million and is subject to secured

claims totaling approximately $630,000.00. The Debtor appears to be electing the state exemptions under 42 Pa. Cons. Stat. §8123 in jointly-held real estate. However, the Wolfes have a valid and enforcement judgment against both the Debtor and his spouse Irene Mulkerin, the co-owner of the real estate. As such, the presence of at least one joint creditor creates non-exempt equity in the real estate. The plan is silent as to the liquidation value of the Estate.

6. The Plan is not proposed in good faith as required by 11 U.S.C. §1325(a)(3).

- Debtor failed to follow local rules.

- Debtor has failed to file required tax returns. See §1325(a)(9).

- Debtor has falsely certified his income information on schedule I concerning his income as a business consultant and Schedule J for his expenses. The Debtor has failed to list his expense for the mortgage, real estate taxes and personal expenses.

- Debtor proposes funding creditor claims with speculative lawsuits that can only be brought by businesses that are not presently in operation.

- The Debtor has filed multiple cases and each case has been dismissed for reasons that are similar to the above-referenced objections and for failure to follow applicable rules of court. In the event that the case is dismissed, the Court should enter an Order barring Debtor from filing without leave of court.

7. Confirmation of the Debtor's plan should be denied and a Chapter 7 Trustee appointed to take charge of the Debtor's assets and liquidate them for the benefit of creditors.

WHEREFORE, Creditors Keith and Lisa Wolfe aver that the Debtor's plan is unconfirmable and therefore prays that this Honorable Court will:

a. Deny confirmation of the Debtor's plan.

b. Dismiss or convert the Debtor's case.

c. Provide such other relief as is equitable and just.

Respectfully submitted,

CGA Law Firm

By: /s/Brent C. Diefenderfer, Esquire
Brent C. Diefenderfer, Esquire
Supreme Ct. I.D. No. 93685
135 North George Street
York, PA 17401
(717) 848-4900
bdiefenderfer@cgalaw.com
Counsel for Creditors Keith and Lisa Wolfe

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>   Andrew William Mulkerin,<br>                       Debtor | Chapter 13<br><br>Case No. 1-25-bk-01575-HWV |

CERTIFICATE OF SERVICE

     I hereby certify that on June 16, 2025, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filing to the following Filing Users:

Jack N. Zaharopoulos, Chapter 13 Trustee

Notification sent by First Class U.S. Mail to:

Andrew William Mulkerin
1740 Adeline Drive
Mechanicsburg, PA 17050

                                                /s/Brent C. Diefenderfer, Esquire
                                                Brent C. Diefenderfer, Esquire
                                                Supreme Ct. I.D. No. 93685
                                                135 North George Street
                                                York, PA 17401
                                                (717) 848-4900
                                                Counsel for Keith and Lisa Wolfe