UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT

| | |
|---|---|
| IN RE: | : |
|    ANDREW WILLIAM MULKERIN, | : |
|       Debtor | : |
| | : |
| ANDREW WILLIAM MULKERIN, | : |
|       Movant | : |
| | : CHAPTER 13 |
|    vs. | : |
| | : |
| JACK N. ZAHAROPOULOS, | : |
| CHAPTER 13 TRUSTEE, | : CASE NO: 1:25-bk-01575-HWV |
|       Respondent | : |

**TRUSTEE'S OBJECTION TO DEBTOR'S MOTION**
**FOR LEAVE TO FILE ADVERSARY COMPLAINTS**

AND NOW, this 24th day of June 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, and files this Objection to Debtor's Motion for Leave to File Adversary Complaints based on the following:

1. The Trustee objects to the Debtor's Motion inasmuch as he seeks legal advice on any adversary proceedings, or for the Trustee to join in any adversary proceedings the Debtor intends on filing. Other than the Debtor's proper disclosure to the Trustee, as well as on his bankruptcy schedules, of any meritorious lawsuits that will benefit the estate, the Trustee will not take part in pursuing any adversary proceeding for or with the Debtor. Doing so is outside the scope of a Chapter 13 Trustee's duties under 11 U.S.C. § 1302.[1]

---

[1] *See*, e.g., *In re Saunders*, 440 B.R. 336, 350 (Bankr. E.D. Pa. 2006) ("Notably absent from the duties of a Chapter 13 trustee is the first and primary duty of a Chapter 7 trustee to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." The court also noted, "[i]n comparison, a Chapter 13 trustee oversees the administration of Chapter 13 plans, which includes payments to creditors. The primary focus of the Chapter 13 trustee relates to issues involving confirmation - that is feasibility.").

2. Further, the Debtor has not demonstrated how any of his allegations in his Motion meet the plausibility standards set forth by the Federal Rules of Bankruptcy Procedure 9008(a) to file as adversary proceedings under Rule 7001.

3. The Debtor's Motion fails to meet the requirements for derivative litigation. The Debtor must show a concrete factual and legal basis and a reasonable expectation of material benefit to creditors. Neither of these requirements have been met.

4. The Debtor offers no discussion of the legal merits of these putative allegations and how recovery in these matters would benefit unsecured creditors.

5. The Debtor's allegations concern property outside of the estate, which does not vest claims in the individual Debtor's bankruptcy estate.

6. The allegations the Debtor makes appear to be state court causes of action, rather than matters appropriate for adversary claims arising from this individual bankruptcy proceeding.

7. To the extent that the Debtor's alleged causes of action are related to separate entities, such as corporations, limited liability companies, S-corporations, etc., such causes of action cannot properly be filed in the Debtor's individual bankruptcy case.

WHEREFORE, your Trustee requests that this Honorable Court deny the Motion.

Respectfully submitted,

Jack N. Zaharopoulos  
Standing Chapter 13 Trustee  
8125 Adams Drive, Suite A  
Hummelstown, PA 17036  
(717) 566-6097  

BY: /s/Douglas R. Roeder, Esquire  
Attorney for Trustee  
Email: droeder@pamd13trustee.com

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT

| | |
|---|---|
| IN RE: | : |
|    ANDREW WILLIAM MULKERIN, | : |
|       Debtor | : |
| | : |
| ANDREW WILLIAM MULKERIN, | : |
|       Movant | : |
| | : CHAPTER 13 |
|    vs. | : |
| | : |
| JACK N. ZAHAROPOULOS, | : |
| CHAPTER 13 TRUSTEE, | : CASE NO: 1:25-bk-01575-HWV |
|       Respondent | : |

## **CERTIFICATE OF SERVICE**

AND NOW, this 24th day of June 2025, I, Derek M. Strouphauer, Paralegal, hereby certify that I served a copy of Trustee's Objection to Motion for Leave to File Adversary Complaints either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first-class mail, addressed to the following:

Brent C. Diefenderfer, Esquire
CGA Law Firm, P.C.
135 North Geroge Street
York, PA 17401
bdiefenderfer@cgalaw.com

Andew William Mulkerin
1740 Adeline Drive
Mechanicsburg, PA 17050

                                            /s/ Derek M. Strouphauer, Paralegal
                                            Jack N. Zaharopoulos
                                            Standing Chapter 13 Trustee