IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 1:25-01575-JNZ |
| ANDREW WILLIAM MULKERIN ) | |
| ) | CHAPTER 13 |
| DEBTOR. ) | |
| ) | |
| ANDREW WILLIAM MULKERIN, ) | |
| ) | |
| OBJECTOR. ) | |
| ) | |
| VS. ) | |
| ) | |
| AMERICAN EXPRESS NATIONAL ) | |
| BANK, ) | |
| ) | |
| RESPONDENT. ) | |

**RESPONSE OF AMERICAN EXPRESS NATIONAL BANK
TO DEBTOR'S OBJECTIONS TO CLAIMS 5 AND 6**

American Express National Bank ("American Express"), by and through its undersigned counsel, hereby responds to the Debtor's Objections to Claims 5 and 6 and, in support thereof, avers as follows:

1. On June 2, 2025, Andrew William Mulkerin (Debtor) filed a voluntary petition under Chapter 13, Title 11 of the United States Code.

2. On July 7, 2025, American Express filed a general unsecured claim in the amounts of $6,801.24 for the unpaid pre-petition balance due on Debtor Andrew Mulkerin's Business Gold Card account number ending in 4003 previously 1009 (Claim Number 5) opened for the entity, Ventwell, Inc.

3. On July 7, 2025, American Express filed a general unsecured claim in the amounts of $10,673.21 for the unpaid pre-petition balance due on Debtor Andrew Mulkerin's

Case 1:25-bk-01575-HWV    Doc 125    Filed 08/18/25    Entered 08/18/25 08:03:40    Desc
Main Document    Page 1 of 4

Business Platinum Card account number ending in 4007 previously 1003 (Claim Number 6) opened for the entity, APX York Sheet Metal Inc.

4. On July 21, 2025, the Debtor objected to Claims 5 and 6 seeking discovery and alleging the claims improperly target the Debtor personally. The Debtor requests the Objections be sustained and American Express be required to provide discovery.

## RESPONSE

5. The accounts represented by Claims 5 and 6 are debts for which the Debtor is a co-liable party with the respective businesses for which the account was opened.

6. The account agreements for each of the accounts, attached as **Exhibits A and B**, respectively, reflect the liability of the Debtor as the Basic Cardmember on the accounts. *See* the Cardmember Agreements, Part 2 of 2 (Claim 5 - Exhibit A, page 3 and Claim 6 - Exhibit B, page 5) which contain identical language regarding liability and read as follows:

> **Introduction**
> **About your Cardmember Agreement**
> …When you or an Additional Cardmember, as defined below, use the Account (or sign or keep a card), you agree to the terms of the Agreement.
>
> **Words we use in the Agreement**
> …***Basic Cardmember*** means the person who applied for this Account or to whom we address billing statements. ***Company*** means the business for which the Account is established. ***You*** and ***your*** mean the Basic Cardmember and the Company. You agree, jointly and severally, to be bound by the terms of this Agreement… A ***charge*** is any amount added to your Account, such as purchases and fees. (emphasis added)
> ---
> **About using your card**
> **Promise to Pay**
> You promise to pay all charges, including:
> - charges you make, even if you do not present your card or sign for the transaction,

- charges that other people make, whether or not you or an Additional Cardmember intend to let them use the Account, subject to applicable law, and
- charges that Additional Cardmembers make or permit others to make.

---

7. Debtor's Objections, *paragraph 1 in each,* admit to Debtor's active involvement in both Ventwell, Inc. and APX York Sheet Metal Inc. Debtor admits to his liability for the accounts, *see paragraph 2 of the Objection to Claim 5,* where Debtor states "he reluctantly **agreed** to be personally liable" and *paragraph 2 of the Objection to Claim 6,* where Debtor stated "he reluctantly **agreed** to personally guarantee the debts".

8. While Debtor indicates he reluctantly agreed to liability, such reluctance does not overcome his obligations under the contract to which he agreed with American Express. Further, he is primarily liable and not a guarantor with regard to the accounts.

9. Moreover, Debtor admits the accounts were not used for the businesses for which they were established. Instead, he states "he utilized available credit" on the American Express accounts ending in 4003 (Claim 5) and 4007 (Claim 6) to support and sustain operations "*for his newly established enterprise*, Mulkerin Holdings, beginning in January 2022".

10. The account statements attached as **Exhibits C and D** reflect all charges remaining on the accounts represented by Claims 5 and 6, respectively. Notably, the statements reflect a previous balance of zero and all charges making up the balance of the claims were incurred beginning in March 2023 for Claim 5 and February 2023 for Claim 6 through the petition date.

## BURDEN OF PROOF

11. The Debtor bears the burden of proof of establishing that the claims are not valid. Federal Rule of Bankruptcy Procedure 3001(f) provides that a proof of claim filed in accordance with the rules shall constitute *prima facie* evidence of the validity and amount of the claims.

12. Debtor has not provided any documentation to rebut the *prima facie* effect of the claims. Instead, the Debtor's Objection in self-contradictory.

13. Debtor has not alleged or shown any evidence to indicate he is not responsible for the balance on the accounts represented by the claims.

14. Based on the Debtor's own admissions in his Objections, the Objections are without merit and any discovery seeking to support such Objections is harassment.

**WHEREFORE**, American Express National Bank respectfully requests the Debtor's Objections to Claim Numbers 5 and 6 be overruled and the Claims allowed.

Respectfully Submitted,
BECKET & LEE LLP

BY: */s/ Kenneth W. Kleppinger*
Kenneth W. Kleppinger, PA Bar #79083
P.O. Box 3001
Malvern, PA 19355
Telephone: (610) 644-7800
Facsimile: (610) 993-8493
Email: kkleppinger@becket-lee.com
*Counsel for American Express National Bank*