**UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA**

In re:

**ANDREW WILLIAM MULKERIN, Debtor.**

Chapter 13
Case No. 1:25-bk-01575-HWV

FILED
**August 20, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

---

## EMERGENCY MOTION TO PRESERVE AND PRODUCE ALL VERSIONS OF TRUST SCHEDULE A

Debtor, Andrew William Mulkerin ("Debtor"), pro se, respectfully moves this Court for entry of an order directing the preservation and production of all versions of Schedule A to the Andrew V. Papoutsis Irrevocable Trust ("Trust"), from its inception on or about January 1, 2018 through the present, and in support thereof states as follows:

---

## I. BACKGROUND

1. A hearing is currently scheduled on Debtor's Motion for Rule 2004 Examination of Andrew V. Papoutsis (Dkt. 72), titled *"Debtor's Motion for 2004 Examination and Production of Documents"*, together with Respondents' Objection thereto.

2. Debtor has supplemented that Motion at Dkts. 110 and 123. Docket 123 requesting production of Schedule A to the Trust.

3. On August 19, 2025, Debtor filed a further Supplement highlighting the centrality of Schedule A to determining whether Debtor's equity interests in Ventwell, Inc. and APX Seetech Systems, Inc. were ever Trust assets.

4. On August 18, 2025, in Debtor's spouse's pending case (In re Irene Mulkerin, Case No. 1:24-bk-03264-HWV, Dkt. 576), the Trust filed a

pleading implying that all "APX companies" are treated as Trust assets. This raises the serious possibility that Ventwell and Seetech may have been inserted into the Trust corpus without notice to Debtor.

5. To date, no fiduciary or counsel — including Trustee Carr, special counsel Atlas, or the Court itself in approving the May 28, 2025 settlement in Irene's case — has ever reviewed Schedule A. The only "evidence" of its contents remains AVP's own representation and warranty.

6. Because no one has independently confirmed the contents of Schedule A, the risk of post hoc alteration is real and ongoing. Absent an immediate preservation order, AVP could modify or recreate Schedule A after the filing of Debtor's request, frustrating the Rule 2004 process and impairing the Court's oversight.

---

## II. RELIEF REQUESTED

Debtor respectfully requests that this Court enter an order:

a. Directing that all versions of Schedule A to the Trust, including the original as of January 1, 2018 and every amendment or supplement through the present date, be preserved intact and produced.

b. Requiring production of (i) the Schedule A as it existed on August 19, 2025 (the date of Debtor's most recent filing), and (ii) the Schedule A as it exists on the actual date of production, so that any intervening modifications can be identified.

c. Requiring Andrew V. Papoutsis or his custodian of records to certify under oath that the versions produced are complete and accurate, and that no other versions exist.

---

## III. GOOD CAUSE

Good cause exists because:

- **Risk of Spoliation:** No fiduciary has ever seen Schedule A, and AVP retains unilateral access and ability to modify it.

- **Due Process:** Debtor risks losing property rights through another's settlement without notice if alterations occur.

- **Judicial Economy:** This preservation order supports the orderly resolution of issues already set for hearing under Dkt. 72.

- **Minimal Burden:** Production requires only a single document (and any amendments), which should already be maintained in Trust records.

---

## IV. CONCLUSION

For the foregoing reasons, Debtor respectfully requests entry of the attached proposed order preserving and compelling production of all versions of Schedule A, together with certification of completeness, and granting such other relief as may be just.

---

**Dated:** August 20, 2025
Respectfully submitted,

/s/ Andrew William Mulkerin
Andrew William Mulkerin, Debtor Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050