IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : Case No. 1:25-01575-HWV
    ANDREW MULKERIN, :
: Chapter 13
                Debtor. :
:

**REPLY TO DEBTOR'S OBJECTION TO CLAIM**

    Mr. Leroy King, Jr., by and through counsel, replies to Debtor Andrew Mulkerin's objection to his claim because: (1) the Debtor failed to properly notice and serve his objection, (2) the proof of claim is adequately documented as required by Fed.R.Bankr. P. 3001(c)(2), and (3) there is no legal basis for shifting the burden of proof from the Debtor to Mr. King. Finally, the allegation of conspiracy in the prosecution of Mr. King's claim is wholly without merit, particularly since Mr. King's claim is supported by an authenticated judgment and accounting. In support of his Reply, Mr. King states as follows:

    1. As evidenced by Andrew Mulkerin's ("Debtor or Mr. Mulkerin") pleadings on the record herein, the contention that his father-in-law, Andrew Papoutsis, cheated him in business dealings more than four years ago and conspires against the Debtor continues in each pleading. There is no specificity as to any alleged fraud, nor are there any factual allegations that Leroy King is a party to any fraud.

    2. In the matter before the bar, the allegation that Leroy King ("Mr. King") is particularly far-fetched. Mr. King owned commercial real estate leased in 2021-2022 by a company of the Debtor (the "Lease"). The Debtor guaranteed the Lease or is a party

to Lease. There was a default on the Lease when the Debtor's businesses failed.

3. Now, the Debtor envisions a conspiracy between Mr. Papoutsis and Mr. King, who have no business dealings together, no personal relationship or any other personal or business connection, all allegedly to further cheat him—by filing a Claim for unpaid rent on commercial real estate used by his failed businesses. The Debtor claims that Mr. King's Claim, supported by the Debtor's judgment and account history, is a part of the alleged conspiracy. Such is the specious basis for the Debtor's objection to Mr. King's timely filed and supported Proof of Claim ("Claim Objection").

## Facts

### Pre-petition

4. On or about July 19, 2022, Mr. King obtained a judgment against the Debtor and several entities controlled by him—Mulkerin Holdings LLC, Javelin Automation LLC, True Air LLC, and Beta Machine and Fabrication LLC, in the amount of $193.330.42. Claim No. 3 and its exhibits are incorporated herein by reference.

5. Mr. King leased commercial real estate to Mr. Mulkerin. The judgment arose from unpaid rent payments owed to Mr. King.

6. As evidenced by Exhibit A to Mr. King's Claim, Mr. Mulkerin made several pre-petition payments, totaling approximately $125,000. Payments were made between June 2022 and October 2023.

7. Following the default on the Lease, the York County Court of Common Pleas entered a ruling against the Debtor as to eviction. The Debtor and Mr. King then entered into an agreement as to the payment of the sums owed by the Debtor on the Lease. The

Debtor defaulted on this payment agreement and judgment was entered against the Debtor. Upon information and belief, some Debtor payments were voluntary and others by garnishment or levy.

8. Upon information and belief, Mr. King has not received any payments from the Debtor since October 2023.

## Case Commencement

9. On June 2, 2025, Andrew Mulkerin ("Debtor") filed for relief under Chapter 13 of the United States Bankruptcy Code.

10. The Debtor filed his Schedules and Statement of Financial Affairs on or about June 2, 2025.

11. The Debtor originally failed to schedule Mr. King's claim or the judgment obtained by Mr. King.

12. On or about July 7, 2025, Mr. King's counsel, Robert Chernicoff, Esq., filed a Proof of Claim as Claim #3, attaching a copy of the judgment against the Debtor and an accounting of the Debt as Exhibits A and B.

13. On or about August 11, 2025, the Debtor filed his Claim Objection to Claim #3. In his Claim Objection, the Debtor alleges that without documents from the underlying suit, such as the Lease, the complaint, a copy of the docket or payment history, Mr. King's Proof of Claim is somehow deficient, shifting the burden of proof to Mr. King. The Debtor appears to find the accounting on Exhibit A to the Claim inadequate.

14. The Debtor argues that Mr. King's calculation of 598 days of interest is improper and questions the Pennsylvania statutory post-judgment interest rate of 6%.

3

15. The Debtor concludes his Claim Objection by alleging "[t]he Debtor believes there is a substantial risk that Claim No. 3-1 is being prosecuted in coordination with these other parties, not solely to collect on a judgment, but to further broader strategic objectives adverse to the Debtor across multiple cases and multiple years."   (ECF 96, ¶ 13).

16. The docket does not show a certificate of service setting forth proper service.

17. The docket does not reflect service of a notice and opportunity to be heard served upon Mr. King.  Upon information and belief, the Debtor failed to serve his objection or a notice on Mr. King or Mr. Chernicoff.

## Law and Argument

### The Debtor Has the Burden of Proof on His Claim Objection

18. Pursuant to Fed. R. Bankr. P. 3001(f), a Proof of Claim executed and filed is *prima facie* evidence of the validity and amount of the claim.   Fed.R.Bankr.P. 3001(c)(2)(A), requires the claimant to provide "an itemized statement including interest, fees, expenses or charges."

19. A review of the Claim shows that it is executed in proper form, includes a payment history and interest calculations, complying with the requirements of Fed. R. Bankr.P. 3001(c)(2)(A).

20. The Debtor's allegation that the filed Claim does not address the interest rate which is the Pennsylvania legal rate of interest on judgments, or include copies of the underlying civil action must fail because such information is not required under the Bankruptcy Code or Rules. The Debtor does not challenge the payment history.   The Claim is prima facie evidence of the debt owed Mr. King. The burden of proof remains

with the Debtor.

21. The Debtor argues that Mr. King is seeking payment on his claim "to further broaden strategic objectives adverse to the Debtor across multiple cases across the years." The Debtor provides no authority for his position. The Debtor's unsupported litany of alleged wrongdoing by his father-in-law, Mr. Papoutsis, is insufficient to shift the burden of proof to Mr. King.

22. Mr. King's attorney, Robert Chernicoff, specifically denies that he is part of any conspiracy.

23. Additionally, a similar argument was recently rejected by this Court in the Debtor's wife, Ms. Irene Mulkerin's, bankruptcy case, *In re Irene Mulkerin*, Case No. 24-03264. *See* Debtor's Motion for Expedited Resolution of Conflict Related Disclosure or, Motion to Compel Limited Discovery Under Doc 174 (ECF 225) and order (ECF 229). This ruling by the Court controls and that portion of the Objection should be denied.

24. Accordingly, the Debtor's Claim Objection is without merit and should be overruled.

**Debtor's Objection to Mr. King's Proof of Claim is Procedurally Deficient**

25. The Debtor is required to serve an objection to a duly filed Proof of Claim to the person designated on the Proof of Claim form. Fed.R.Bankr.P. 3007(a)(2). Additionally, L.B.R. 3007-1(c) requires the Debtor to include a notice with an opportunity to request a hearing with the claim objection.

26. The Debtor neither served the Claim Objection on Mr. King or his counsel nor served a notice and opportunity for a hearing, as required.

27. Given his failure to provide mandatory notice and opportunity to be heard, the Debtor's objection to Mr. King's Claim Objection must be overruled.

## Conclusion

28. The Debtor attempts to avoid Mr. King's claim by omitting it from his Schedule E/F. Mr. King filed his Claim in this case, despite the Debtor's omission of notice, which omission occurred in the Debtor's prior cases. Mr. King filed Claims in the Debtor's prior cases. Having failed to prevent Mr. King's from participating in this case, the Debtor filed a specious Claim Objection.

**WHEREFORE**, Mr. Leroy King, Jr. requests this Court overrule the Debtor's Claim Objection, allow Claim #3 of Leroy King, Jr. in this case and for such relief as this Court deems just and proper.

Respectfully submitted:

CUNNINGHAM, CHERNICOFF
& WARSHAWSKY, P.C.

By: /s/ Robert E. Chernicoff
Robert E. Chernicoff, Esquire
Attorney I.D. No. 23380
2320 North Second Street
P. O. Box 60457
Harrisburg, PA 17106-0457
(717) 238-6570
rec@cclawpc.com

Date: August 25, 2025