IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>    ANDREW WILLIAM MULKERIN,<br>                        Debtor<br><br>KEITH WOLFE<br>LISA WOLFE<br>    Movants<br><br>v.<br><br>ANDREW WILLIAM MULKERIN<br>    Debtor | Chapter 13<br><br>Case No. 1-25-bk-01575-HWV |

OBJECTION OF KEITH AND LISA WOLFE TO CONFIRMATION OF DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN

AND NOW COMES, Keith and Lisa Wolfe, by and through the undersigned counsel and hereby object to confirmation of the Debtor's First Amended Chapter 13 Plan as follows:

1. <u>The Plan Devotes Insufficient Income to Creditors</u>. The Debtor lists current monthly income of $35,760 per month on Official Form 122C-1 (Means Test) and $22,000 on current income on his Schedule I (docket 34) as a "Strategic Consultant." Yet, the Plan proposes only to pay $3,000 per month to the Trustee for the first several years of the plan. As such, the Plan fails to devote all required disposable income of the Debtor and his household into the Plan as required by 11 U.S.C. § 1325(b)(2).

2. <u>The Debtor Lacks Regular Monthly Income to be a Chapter 13 Debtor</u>. The Debtor does not actually earn $22,000 as he represents in Schedule I. Schedule I appears to be speculation for his future earning capacity. To the extent the income is attributable for services being a consultant for his wife in her bankruptcy case, such income is illusory because the Debtor has not been appointed as a professional of the bankruptcy estate for Irene Mulkerin and is not an attorney that can charge $400 for his "services." The Debtor is not an attorney and is

engaging in the unauthorized practice of law. Moreover, the administration of Ms. Mulkerin's bankruptcy case is winding down and will be completed in the following weeks, leaving the Debtor's employment for almost the entire duration of the Debtor's plan undetermined. As such, under § 1325(a)(6), the Plan is not feasible and is speculative and should not be confirmed. The Debtor is not eligible for Chapter 13 unless there is regular monthly income. The income of the Debtor's spouse is insufficient to fund the Debtor's Chapter 13 plan by itself.

3. <u>Litigation Claims Are Speculative and Not Property of the Estate</u>. The Plan also proposes to be funded by commencing adversary proceedings against several parties, including the Wolfes. Such claims are speculative and the likelihood of success or distribution of any non-exempt portion of the claims to general unsecured claims is low. At least insofar as concerns the Wolfes' claim, such claim cannot be brought by the Debtor because the Debtor lacks standing to bring such claim on behalf of his no defunct business entities that allegedly have such claims. These non-debtor entities are not property of the estate and therefore cannot serve as a basis for funding the Debtor's personal bankruptcy plan.

4. <u>The Plan Fails To Meet the Liquidation Test.</u> Debtor's plan violates 11 U.S.C. § 1325(a)(4). The Plan must provide for payment to creditors in an amount equal to the liquidation value of the estate. The Debtor has significant non-exempt equity in the real estate serving as his residence. The real estate's value according to Schedule A is $1.4 Million and is subject to secured claims totaling approximately $630,000.00. The Debtor appears to be electing the state exemptions under 42 Pa. Cons. Stat. § 8123 in jointly-held real estate. However, the Wolfes have a valid and enforcement judgment against both the Debtor and his spouse Irene Mulkerin, the co-owner of the real estate. As such, the presence of at least one joint creditor creates non-exempt equity in the real estate. The liquidation value of the Estate should be based instead on the total amount of joint claims against Debtor and his spouse. The plan incorrectly states that

the liquidation value of the Estate is $0.

5. <u>The Plan's Terms are Ambiguous</u>. Section 2B proposes inconsistent treatment of secured claims.

6. <u>Good Faith</u>. The Plan is not proposed in good faith as required by 11 U.S.C. § 1325(a)(3).

- Debtor has failed to file required tax returns. See § 1325(a)(9).
- Debtor has falsely certified his income information on schedule I. The Debtor has failed to list his expense for the mortgage, real estate taxes and personal expenses.
- Debtor proposes funding creditor claims with speculative lawsuits that can only be brough by businesses that are not presently in operation.

7. Confirmation of the Debtor's plan should be denied and a Chapter 7 Trustee appointed to take charge of the Debtor's assets and liquidate them for the benefit of creditors.

WHEREFORE, Creditors Keith and Lisa Wolfe aver that the Debtor's plan is unconfirmable and therefore prays that this Honorable Court will:

a. Deny confirmation of the Debtor's plan.
b. Dismiss or convert the Debtor's case.
c. Provide such other relief as is equitable and just.

Respectfully submitted,

CGA Law Firm

By: /s/Brent C. Diefenderfer, Esquire
Brent C. Diefenderfer, Esquire
Supreme Ct. I.D. No. 93685
135 North George Street
York, PA 17401
(717) 848-4900
bdiefenderfer@cgalaw.com
Counsel for Creditors Keith and Lisa Wolfe

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| In Re: | Chapter 13 |
|---|---|
| Andrew William Mulkerin, | |
| Debtor | Case No. 1-25-bk-01575-HWV |

CERTIFICATE OF SERVICE

    I hereby certify that on September 3, 2025, I electronically filed the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification of such filing to the following Filing Users:

Jack N. Zaharopoulos, Chapter 13 Trustee

Notification sent by First Class U.S. Mail to:

Andrew William Mulkerin
1740 Adeline Drive
Mechanicsburg, PA 17050

                                                /s/Brent C. Diefenderfer, Esquire
                                                Brent C. Diefenderfer, Esquire
                                                Supreme Ct. I.D. No. 93685
                                                135 North George Street
                                                York, PA 17401
                                                (717) 848-4900
                                                Counsel for Keith and Lisa Wolfe