UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

In re:
Andrew W. Mulkerin, Debtor
Chapter 13
Case No. 1:25-bk-01575-HWV

FILED
**September 12, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

REQUEST FOR ADMINISTRATIVE CORRECTION OF PROCEEDING MEMO (DOC. NO. 174)

Debtor, appearing pro se, respectfully requests that the Court direct an administrative correction to the docket entry at Doc. No. 174 to reflect what actually occurred in open court on September 10, 2025: the matter was continued by list without appearances, not called individually, and no record was made specific to this case.

Basis for Request

1. On September 11, 2025, the Chapter 13 Trustee's staff attorney, Douglas R. Roeder, Esq., confirmed in writing that Debtor's case "was not called separately for a hearing" and was "just read…as one that was continued." (See Exhibit M.)

2. On September 10, 2025, Debtor filed a notice (Doc. No. 173) placing into the record Trustee communications showing:

    - Universal agreement to continue to October 8, 2025;

    - Trustee's representation that "all parties have agreed";

    - Confirmation that the September 10 hearing was vacated and rescheduled. (See Exhibits A–L.)

3. The Court's September 8 Order (Doc. No. 171) denied Debtor's prior "request to strike" but kept the matter on the calendar. The actual handling of the matter on September 10 was consistent with the Trustee's written representations: it was continued by list only. (See Exhibit N.)

4. Debtor was personally present in the courtroom on September 10, 2025, and submits a sworn declaration confirming that the matter was only read from

1

the list, that no appearances were taken, and no discussion occurred on the record. (See Exhibit O.)

Requested Administrative Edit

Debtor respectfully requests that the Court revise the current docket entry at Doc. No. 174, which reads:

"Confirmation Hearing held. Record made. Matter continued."

to instead read:

"Matter called by list; continued without appearances to 10/8/2025."

This correction promotes fairness for a self-represented litigant, avoids confusion regarding deadlines tied to confirmation hearings, and ensures the docket accurately reflects the nature of proceedings.

## TABLE OF EXHIBITS

| Exhibit | Description | Source |
|---|---|---|
| A–L | Trustee communications and creditor concurrences (9/8–9/9/25) | Doc. 173 |
| M | Trustee Roeder's 9/11/25 email confirming matter was "not called separately" | Attached |
| N | Order Denying Request to Strike Confirmation Hearing (9/8/25) | Doc. 171 |
| O | Declaration of Andrew W. Mulkerin (present on 9/10/25; no appearances taken) | Attached |

## DECLARATION OF ANDREW W. MULKERIN IN SUPPORT OF REQUEST FOR ADMINISTRATIVE CORRECTION
**(Exhibit O)**

I, Andrew W. Mulkerin, declare under penalty of perjury as follows:

2

1. I am the Debtor in the above-captioned case. I make this declaration in support of my Request for Administrative Correction of the September 10, 2025 Proceeding Memo.

2. I was physically present in the courtroom at the Sylvia H. Rambo U.S. Courthouse on September 10, 2025, at the time my matter was listed for confirmation.

3. When Chief Bankruptcy Judge Van Eck entered and began reading the calendar, my case was included among a list of matters the Court stated would be continued.

4. At no time was my case called separately for hearing, no appearances were requested from me, and no discussion of my case occurred.

5. I remained in the courtroom for approximately 10–15 minutes after my matter was read from the list, during which the Court proceeded through unrelated hearings. I then departed.

6. Chief Judge Van Eck saw me present in the courtroom during this time.

7. My understanding, consistent with subsequent written statements from the Chapter 13 Trustee's office, is that my matter was continued by list only, without appearances.

8. The docket entry at Doc. No. 174, which currently states "Confirmation Hearing held. Record made. Matter continued," does not accurately reflect what occurred.

9. I submit this declaration to ensure the record reflects the truth: on September 10, 2025, the Court continued my case by list, without appearances, and no hearing on the merits was held.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of September, 2025, in Mechanicsburg, Pennsylvania.

/s/ Andrew W. Mulkerin
Andrew W. Mulkerin, Debtor (pro se)

3

# CERTIFICATE OF SERVICE

I certify that on September 12, 2025, I submitted the foregoing Request for Administrative Correction, with Exhibits A–O and a proposed order, to the Court for filing through the Electronic Document Submission System (EDSS). Upon docketing, the Clerk's Office will serve notice of this filing via CM/ECF to all registered participants, including:

- Douglas R. Roeder, Esq., Office of the Chapter 13 Trustee
- Kurtis B. Bowers, Paralegal, Office of the Chapter 13 Trustee
- Office of the United States Trustee, Region 3
- Brent C. Diefenderfer, Esq. (Keith & Lisa Wolfe)
- Kimberly A. Bonner, Esq. (Orrstown Bank)
- Mario Hanyon, Esq. (Freedom Mortgage)
- Andrew Spivack, Esq. (Freedom Mortgage)
- Robert E. Chernicoff, Esq. (Leroy A. King, Jr.)

In addition, I served a copy of the filing by first-class U.S. mail, postage prepaid, to:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036

Dated: September 12, 2025
Respectfully submitted,

/s/ Andrew W. Mulkerin
Andrew W. Mulkerin, Debtor (pro se)
1740 Adeline Drive
Mechanicsburg, PA 17050
andy.mulkerin.pro-se@outlook.com

EXHIBIT M

Email from Douglas R. Roeder, Esq.
Dated: September 11, 2025
Re: Continued Matter – Case No. 1:25-bk-01575-HWV

---

Email Correspondence

---

From: Doug Roeder <droeder@pamd13trustee.com>
Sent: Thursday, September 11, 2025, 1:49 PM
To: Andy Mulkerin <andy.mulkerin.pro-se@outlook.com>
Subject: Re: Andrew Mulkerin 1-25-01575 – Confirmation Hearing on 9/10/25

---

Mr. Mulkerin,

That is correct. The Judge just read your case as one that was continued as part of the list of continued cases. It was not called separately for a hearing.

Respectfully,
Douglas R. Roeder, Esq.
Staff Attorney
Office of Jack N. Zaharopoulos,
Standing Chapter 13 Trustee
Middle District of Pennsylvania
Suite A, 8125 Adams Drive
Hummelstown, PA 17036

---

End of Exhibit M

1

Case 1:25-bk-01575-HWV    Doc 179    Filed 09/12/25    Entered 09/12/25 08:45:24    Desc
Main Document    Page 5 of 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 13 |
| ANDREW WILLIAM MULKERIN, : | |
| : | CASE NO. 1:25-bk-01575-HWV |
| Debtor. : | |

## ORDER

Upon consideration of the Notice of Pending Conversion and Request to Strike Confirmation Hearing filed by the Debtor, Doc. 170, which the Court construes as a Motion to Continue Confirmation Hearing, and it appearing that the Debtor has neither sought nor obtained the concurrence of objecting parties to continue the confirmation hearing, it is

**ORDERED** that the Motion is **DENIED** and the confirmation hearing currently scheduled for September 10, 2025 at 9:30 a.m. in the United States Bankruptcy Court for the Middle District of Pennsylvania, Bankruptcy Courtroom, 4th Floor, Sylvia H. Rambo United States Courthouse, 1501 N. 6th St, Harrisburg, PA 17102 shall remain unaffected on the Court's calendar.

By the Court,

_____
Henry W. Van Eck, Chief Bankruptcy Judge
Dated: September 8, 2025

UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

In re:
Andrew W. Mulkerin, Debtor
Chapter 13
Case No. 1:25-bk-01575-HWV

ORDER DIRECTING CORRECTION TO DOCKET ENTRY

AND NOW, this ___ day of _____, 2025, upon consideration of the Debtor's Request for Administrative Correction of Proceeding Memo (Doc. No. 174), and for good cause shown, it is hereby:

ORDERED that the docket entry at Doc. No. 174 shall be revised to state:

"Matter called by list; continued without appearances to October 8, 2025."

IT IS SO ORDERED.

BY THE COURT:

1

Case 1:25-bk-01575-HWV    Doc 179    Filed 09/12/25    Entered 09/12/25 08:45:24    Desc
Main Document    Page 7 of 7