UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

In re:
ANDREW WILLIAM MULKERIN, Debtor
Chapter 13
Case No. 1:25-bk-01575-HWV

OBJECTION TO CLAIM NO. 7 FILED BY AMERICAN EXPRESS NATIONAL BANK

(Account ending 6005 – APX Seetech Systems, Inc.)
AND REQUEST FOR DISCOVERY

Debtor, Andrew William Mulkerin ("Debtor"), respectfully objects to Claim No. 7 filed by American Express National Bank ("AmEx") and requests limited discovery before any allowance of the claim against him personally.

---

## I. BACKGROUND

1. AmEx filed Claim No. 7-1 in the amount of $20,697.25 for a credit card account ending in 6005. The supporting statement is labeled "Business Gold Rewards" and is addressed to "APX SEETECH SYSTEMS INC / ANDREW W MULKERIN." It reflects a "New Balance" of $20,697.25 and a "Minimum Payment Due" of $10,948.19, with a closing date of March 29, 2024 (see Claim, p. 4).

2. The claim lists its basis as a credit card; unsecured; no priority; with the following itemization (see p. 7 of the claim):

   - Principal: $19,683.75
   - Interest: $880.21
   - Fees: $133.29

The claim also reflects:

   - Open Date: 06/18/2018

- Charge-Off Date: 11/2023
- Last Transaction: 06/2023
- Last Payment: 01/2024

3. Although filed in the Debtor's personal bankruptcy, the account appears to be a business credit line for APX Seetech Systems, Inc., an entity affiliated with Andrew V. Papoutsis, not Debtor. The statement header and remittance coupon both identify the business as the primary obligor.

II. GROUNDS FOR OBJECTION

A. No Proof of Personal Liability or Guaranty

4. The account is corporate-branded and issued to APX Seetech Systems, Inc. AmEx has not submitted any:

- Cardmember Agreement naming Debtor personally;
- Signed personal guaranty; or
- Application evidencing Debtor's personal obligation.

Without such documentation, AmEx cannot establish personal liability, and the claim must be disallowed as to Debtor individually.

B. Failure to Comply with Rule 3001(c)

5. Under Fed. R. Bankr. P. 3001(c)(1)–(2), a creditor must attach:

- The writing on which the claim is based; and
- An itemized statement of interest, fees, and charges (for open-end credit accounts) as required by Rule 3001(c)(2)(A).

6. AmEx has attached only a single statement dated March 29, 2024, but no contract, no guaranty, and no transaction ledger that substantiates the balance or any obligation by Debtor. As a result, Rule 3001(f) does not apply, and AmEx bears the burden of proof.

C. Lack of Standing and Evidentiary Foundation

2

7. Becket & Lee signed the proof of claim, but no custodian declaration or foundation for business records has been provided. If AmEx relies on integrated systems or servicer records, a qualified witness and supporting documents must be produced to validate the claim and components (principal, interest, and fees).

D. Interrelated APX Entities; Due Diligence Concerns

8. In Case No. 1:24-bk-00270-HWV, attorney Elizabeth Kramer testified on June 11, 2024, that APX York, Ventwell, and APX Seetech were financially "all interrelated." Accordingly, AmEx must demonstrate:

- Whether it pursued APX Seetech Systems, Inc. or Andrew V. Papoutsis;
- The existence and terms of any personal guaranty;
- Whether the charge-off and last payment history reflects authorized transactions and the correct obligor.

E. Amount in Dispute; No Supporting Ledger

9. Even assuming personal liability (not conceded), the claim is unsupported. The "Claim Balance Itemization" lists totals but lacks:

- A running balance;
- Transaction-by-transaction history;
- Daily accruals for interest and fees.

An evidentiary hearing and discovery are needed to verify the amount and prevent duplication across related APX claims (Claims 5, 6, and 7).

III. REQUEST FOR LIMITED DISCOVERY

Pursuant to Fed. R. Bankr. P. 9014(c), Debtor respectfully requests that AmEx be ordered to produce the following non-privileged documents within 21–30 days, along with a business records declaration:

1. Account-opening materials and any Cardmember Agreements in effect between 2018 and 2024, including any personal guaranty signed by Debtor.

2. A complete transaction and payment ledger for account ending in 6005, covering 06/18/2018 through the petition date.

3. A detailed itemization of all interest, fees, and other charges per Rule 3001(c)(2)(A), along with the applicable rate tables and fee schedules.

4. Internal collection records, including collection efforts directed to APX Seetech Systems, Inc. or Andrew V. Papoutsis.

5. Communications with representatives of any APX-affiliated entities relating to the account.

IV. RELIEF REQUESTED

WHEREFORE, Debtor respectfully requests that the Court:

A. Sustain this Objection and disallow Claim No. 7 unless and until AmEx establishes a valid personal guaranty and satisfies Rule 3001(c);
OR, alternatively, set an evidentiary hearing and order targeted discovery;

B. Grant leave to amend or supplement this Objection following discovery; and

C. Grant such other and further relief as may be just.

Respectfully submitted,
/s/ Andrew William Mulkerin
Andrew William Mulkerin, Debtor, Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050
Date: September 12, 2025

CERTIFICATE OF SERVICE

I certify that on September 12, 2025, I caused the attached Objection to Claim No. 7 and Notice of Objection to Claim to be submitted to the Court for filing via the Electronic Document Submission System (EDSS). Upon docketing, the Court will serve registered CM/ECF users.

In addition, I served a copy of the Objection and Notice on the following by first-class mail and email:

American Express National Bank
c/o Becket & Lee LLP
PO Box 3001
Malvern, PA 19355-0701
Email: notices@becket-lee.com

/s/ Andrew William Mulkerin
Dated: September 12, 2025

# NOTICE OF OBJECTION TO CLAIM

Claimant: American Express National Bank (Claim No. 7)
Amount: $20,697.25 (Account ending 6005)
Movant: Andrew W. Mulkerin, Debtor, Pro Se

You are hereby notified that the Debtor has filed an objection to your proof of claim. If you oppose the relief requested, you must file a written response on or before October 10, and serve it on the Debtor at the address listed below. If no timely response is filed, the Court may grant the objection without further notice or hearing.

Hearing Date/Time: *To be scheduled by the Court.*
Location: Sylvia H. Rambo U.S. Courthouse, Courtroom 4B
1501 N. 6th Street, Harrisburg, PA 17102

Debtor's Service Address:
Andrew William Mulkerin
1740 Adeline Drive
Mechanicsburg, PA 17050

1

UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

In re:
ANDREW WILLIAM MULKERIN, Debtor
Chapter 13
Case No. 1:25-bk-01575-HWV

---

ORDER

Upon consideration of the Debtor's Objection to Claim No. 7 filed by American Express National Bank and the accompanying request for discovery, and good cause appearing, IT IS HEREBY ORDERED:

1. American Express shall, within 28 days, produce the documents requested in Section III of the Objection, along with a declaration from a qualified custodian;

2. The Court will schedule an evidentiary hearing on Claim No. 7 by separate order;

3. Debtor may file a supplemental objection within 14 days following completion of production;

4. Pending further order, the presumption of validity under Rule 3001(f) is withdrawn as to Claim No. 7 due to noncompliance with Rule 3001(c).

IT IS SO ORDERED.

BY THE COURT:

1