UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF PENNSYLVANIA

In re:
Andrew William Mulkerin, Debtor
Chapter 13 (Conversion to Chapter 11, Subchapter V Pending)
Case No. 1:25-bk-01575-HWV

FILED
**September 12, 2025**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

MOTION FOR RECONSIDERATION OF ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS (DOC. 178)

Debtor, appearing pro se, respectfully moves the Court for reconsideration of its Order entered September 11, 2025 (Doc. 178), sustaining the Trustee's Objection to Exemptions (Doc. 83). In support, Debtor states:

I. Background

1. On August 4, 2025, the Chapter 13 Trustee filed an Objection to Debtor's Exemptions (Doc. 83).

2. On September 11, 2025, the Court entered an Order sustaining the Trustee's Objection due to no response being filed (Doc. 178).

3. Debtor inadvertently failed to file a response within the deadline. The omission was not intentional and resulted from excusable oversight while preparing multiple contemporaneous filings (including claim objections) and addressing the pending motion to convert this case to Chapter 11, Subchapter V, amid ongoing case-communications and scheduling issues. Debtor seeks to have the exemption dispute decided on the merits.

II. Legal Standard

4. Reconsideration is warranted under Fed. R. Civ. P. 60(b)(1), made applicable by Fed. R. Bankr. P. 9024, where an order was entered due to mistake, inadvertence, or excusable neglect.

5. Courts routinely grant reconsideration when a pro se debtor promptly seeks relief from a default order and no party will be prejudiced by restoration of the matter to the merits docket.

III. Grounds for Relief

1

6. Debtor is actively prosecuting this case in good faith and has a pending Motion to Convert to Chapter 11, Subchapter V, set for hearing on October 8, 2025.

7. Reconsideration will allow the exemptions issue to be resolved on the merits, either in this Chapter 13 posture or, if conversion is granted, within the Chapter 11 framework.

8. No creditor will be prejudiced by reconsideration. The Trustee and creditors retain the full ability to object to any exemptions properly asserted and litigated.

9. Allowing the default order to stand risks confusion or unintended prejudice in the forthcoming Chapter 11 context, where Debtor expects to file amended schedules and reassert exemptions in due course.

IV. Requested Relief

WHEREFORE, Debtor respectfully requests that this Court:

1. Vacate the Order entered on September 11, 2025 (Doc. 178) sustaining the Trustee's Objection to Exemptions;

2. Restore the Trustee's Objection (Doc. 83) to the contested matters docket for determination on the merits, or, in the alternative, permit Debtor to reassert exemptions upon conversion to Chapter 11; and

3. Grant such other and further relief as is just.

Respectfully submitted,
/s/ Andrew William Mulkerin
Debtor, Pro Se
1740 Adeline Drive
Mechanicsburg, PA 17050
Email: andy.mulkerin.pro-se@outlook.com
Dated: September 12, 2025

---

CERTIFICATE OF SERVICE

I, Andrew William Mulkerin, certify that on September 12, 2025, I submitted the foregoing Motion for Reconsideration of Order Sustaining Trustee's Objection to Exemptions (Doc. 178) together with the accompanying Proposed Order to the Court via the Electronic Document Submission System (EDSS). Upon docketing, the Clerk's Office will serve CM/ECF notice of these filings on all registered participants, including the Chapter 13 Trustee and the United States Trustee. In addition, I served a courtesy copy by first-class U.S. Mail to:

- Jack N. Zaharopoulos, Chapter 13 Trustee
  8125 Adams Drive, Suite A
  Hummelstown, PA 17036

/s/ Andrew William Mulkerin
Dated: September 12, 2025